# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEE SHAFFERS** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NUMBER:** |
| **CITY OF BATON ROUGE, THROUGH BATON ROUGE CITY POLICE DEPARTMENT AND OFFICER TROY LAWRENCE, JR.** | **JUDGE:** |
| | **MAGISTRATE:** |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes LEE SHAFFERS, a person of the full age of majority and domiciled in the Parish of East Baton Rouge, State of Louisiana, who respectfully represents as follows:

1.

### JURISDICTION

The jurisdiction of this Court is based upon 28 USC 1331, federal question jurisdiction, and 28 USC 1367, supplemental jurisdiction.

2.

### VENUE

Venue is proper in this district under 28 USC 1391 because both defendants reside in this district and because the events or omissions giving rise to this claim occurred in this district.

3.

## PLAINTIFF

The plaintiff is Lee Shaffers, a person of the full age of majority and domiciled in the Parish of East Baton Rouge, State of Louisiana.

4.

## DEFENDANTS

The following parties are made defendants herein:

a. **OFFICER TROY LAWRENCE, JR.**, an Officer of the Baton Rouge City Police Department of the full age of majority and domiciled in the Parish of East Baton Rouge, named defendant in both his official and personal capacities; and

b. **CITY OF BATON ROUGE, through BATON ROUGE CITY POLICE DEPARTMENT**, a municipality organized and established in accordance with the Constitution and laws of the State of Louisiana.

5.

## CAUSES OF ACTION

The actions of the defendants, as will be described more fully herein, were committed under color of state law and within the course and scope of their office or employment and operated to deprive Lee Shaffers of his rights as secured by the Constitution and laws of the United States and the State of Louisiana.

6.

The actions of the defendants, as will described more fully herein also constituted battery, intentional infliction of emotional distress and fault as those terms are understood in Louisiana tort law.

7.

On or about August 8, 2023 at approximately 8:30 p.m., the plaintiff, Lee Shaffers, was in the parking lot of the Mike's Truck Stop located on Airline Highway in Baton Rouge, waiting for a ride due to a disabled vehicle.

8.

Lee Shaffers and two other men who were unknown to him, but in the same area of the parking lot, were approached by Officers Troy Lawrence, Jr. and Matthew Wallace of the Baton Rouge City Police Department.

9.

One of the unknown men took flight on foot and was chased by Officer Lawrence.

10.

Officer Wallace, with TASER drawn, instructed Lee Shaffers to step forward and Mr. Shaffers complied. Officer Wallace told Lee Shaffers he had him on video conspiring to make drug transactions.

11.

This allegation was completely untrue and Lee Shaffers told Officer Wallace that he was a liar.

12.

Officer Wallace placed Lee Shaffers in handcuffs and walked him to Officer Lawrence's department issued vehicle.

13.

Officer Wallace ordered Lee Shaffers to get into the back of Officer Lawrence's unit. By this time, Officer Lawrence had returned to the scene, having lost the unknown man he was chasing.

14.

As Lee Shaffers was attempting to get his legs into the back seat of Officer Lawrence's unit, Officer Lawrence stunned Lee Shaffers with his department issued TASER.

15.

At the time of the TASING, Lee Shaffers was handcuffed, under control, being fully compliant and not resisting arrest in any way.

16.

Lee Shaffers ultimately was issued a misdemeanor summons for resisting arrest and allowed to leave the scene.

17.

At all material times, Officer Lawrence was acting under color of state law and within the course and scope of his employment as an Officer of the Baton Rouge Police Department.

18.

The above described conduct of Officer Lawrence constituted excessive use of force in violation of Lee Shaffers' rights as secured by the Constitution and laws of the United States and the State of Louisiana, entitling plaintiff to recover both compensatory and punitive damages pursuant to 42 USC 1983 and attorney fees pursuant to 42 USC 1988.

19.

Officer Lawrence has a documented history of using excessive force and meting out cruel and unusual punishment on arrestees.

20.

Officer Lawrence's superiors were well aware of his use of excessive force and cruel and unusual punishment on arrestees, but took no steps to prevent it. Thus, Officer Lawrence's use of excessive force and cruel and unusual punishment had been condoned by and become the policy or custom of the City of Baton Rouge through the Baton Rouge City Police Department.

21.

The conduct of Officer Lawrence constituted battery, intentional infliction of emotional distress and fault as those terms are understood in Louisiana tort law.

22.

The City of Baton Rouge through the Baton Rouge City Police Department is vicariously liable for the misconduct and fault of its employee, Officer Lawrence.

23.

Plaintiff, Lee Shaffers, itemizes his damages to include the following:

| | | |
|---|---|---|
| a. | Physical pain and suffering | $100,000.00 |
| b. | Mental anguish and emotional distress | $100,000.00 |
| c. | Loss of enjoyment of life | $100,000.00 |
| d. | Punitive damages | $450,000.00 |

24.

Lee Shaffers has retained the services of an attorney to prosecute this claim against defendants and has incurred and will continue to incur attorney fees and costs.

25.

**JURY DEMAND**

Lee Shaffers desires and is entitled to a trial by jury of all issues presented in this case.

**WHEREFORE**, plaintiff, LEE SHAFFERS, prays that defendants be summoned to appear and answer this Complaint and that after all due proceedings are had, there be judgment rendered herein in favor of the plaintiff, Lee Shaffers, and against the defendants, Officer Troy Lawrence, Jr. and the City of Baton Rouge through the Baton Rouge City Police Department, in the amount of $750,000.00, together with legal interest

thereon from the date of judicial demand until paid in full, plus attorney fees, all costs of this action, and for all other general and equitable relief to which he may be entitled.

Plaintiff further prays for trial by jury of all issues.

**RESPECTFULLY SUBMITTED:**

s/Peter T. Dudley
Peter T. Dudley
Bar Roll No. 20538
***PIERCE & SHOWS***
601 St. Joseph Street
Baton Rouge, Louisiana 70802
Telephone (225) 388-9578
Facsimile (225) 388-0081
E-Mail: pdudley@pierceandshows.com